# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

JACK BANKS, III                                                                    PETITIONER

v.                              NO. 4:25-cv-00861-JM-PSH

DEXTER PAYNE                                                                    RESPONDENT

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

<u>DISPOSITION</u>

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Jack Banks, III, ("Banks") challenges his August of 2019 guilty plea and subsequent sentence. It is recommended that this case, filed in August of 2025, be dismissed because his petition for writ of habeas corpus is untimely, and there is no reason for excusing its untimely filing.

The record reflects that in September of 2018, Banks and three co-defendants were charged in Pulaski County Circuit Court case number 60CR-18-3599 with one count of capital murder, two counts of attempted capital murder, and three counts of aggravated robbery. <u>See</u> Docket Entry 13, Exhibit A at CM/ECF 42-45. Banks and his co-defendants were also charged with a firearm enhancement and a violent criminal group activity enhancement. <u>See</u> Docket Entry 13, Exhibit A at CM/ECF 42-45. Banks eventually accepted the terms of a negotiated plea and pleaded guilty to one count of attempted murder in the first degree and one count of aggravated robbery. <u>See</u> Docket Entry 13, Exhibit A at CM/ECF 100. A plea statement he signed at the time reflects that he was advised of, and understood, the range of punishment for the offenses agreed upon in the negotiated plea. <u>See</u> Docket Entry 13, Exhibit A at CM/ECF 100.

A change of plea hearing was held in August of 2019. <u>See</u> Docket Entry 13, Exhibit B at CM/ECF 3-12. At the outset of the hearing, the prosecutor and the state trial court had the following exchange:

> MR. JOHNSON: Your Honor, this is on for negotiated plea. The State has a couple [of] motions conditioned on the successful entry of a guilty plea and also conditioned on truthful testimony at trial. I anticipate that Mr. Banks will be entering a guilty plea and then will be sentenced once the co-defendants have completed their cases in this court.
>
> THE COURT: Sentence deferred until the completion of the cases against the co-defendants?
>
> MR. JOHNSON: Exactly.
>
> THE COURT: All right.
>
> MR. JOHNSON: So there are multiple counts. I'll—I'll give it to you two ways. He's pleading guilty to ... count two, although the State's amending that to reflect attempted murder in the first degree.
>
> THE COURT: All right.
>
> MR. JOHNSON: And then count five, which is aggravated robbery. And he's pleading to that as is. So the State will be *nolle prossing* count one, three, four, six. And then there are two enhancements, a firearm enhancement and a violent criminal group activity enhancement that we're also *nolle prossing*. Conditioned on his successful entry of the guilty plea, and his testimony, truthful testimony, at trial against his co-defendants.

<u>See</u> Docket Entry 13, Exhibit B at CM/ECF 4-5.

Banks was then sworn in. See Docket Entry 13, Exhibit B at CM/ECF 5. He testified that he understood that he was pleading guilty to one count of attempted murder in the first degree and one count of aggravated robbery. See Docket Entry 13, Exhibit B at CM/ECF 6. He also understood the range of punishment for the offenses, see Docket Entry 13, Exhibit B at CM/ECF 6, and the prosecutor noted that the parties had agreed to the imposition of two, concurrent thirty-year sentences, see Docket Entry 13, Exhibit B at CM/ECF 9-10. After Banks was apprised of his rights, he pleaded guilty. See Docket Entry 13, Exhibit B at CM/ECF 6-8. The prosecutor then provided a summary of the facts giving rise to the offenses, that Banks and his co-defendants used firearms to kill one man, wound two other men, and rob them. See Docket Entry 13, Exhibit B at CM/ECF 8-9. Banks acknowledged that he was pleading guilty to those facts. See Docket Entry 13, Exhibit B at CM/ECF 9.

Banks was sentenced in March of 2020 on one count of attempted murder in the first degree and one count of aggravated robbery. See Docket Entry 13, Exhibit B at CM/ECF 16-18. The state trial court imposed the agreed upon sentence, i.e., thirty years. A sentencing order was not entered on the state trial court docket, though, until April of 2020. See Docket Entry 13, Exhibit A at CM/ECF 103-108.

4

Banks did not appeal any aspect of his guilty plea or sentence.[1] He did, however, sign and place in the prison mail system a letter to the state trial court in February of 2021 in which he challenged his guilty plea and sentence in 60CR-18-3599. See Docket Entry 13, Exhibit D. No action was ever taken on his letter.

In March of 2021, Banks began Banks v. State of Arkansas, No. 4:21-cv-00191-SWW-PSH (E.D. Ark.), by filing a pleading in federal court in which he challenged his guilty plea and sentence in 60CR-18-3599. The caption of the pleading indicated, though, that he intended to file the pleading in Pulaski County Circuit Court and do so pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37"). Out of an abundance of caution, the pleading was filed as a petition pursuant to 28 U.S.C. 2254.

The undersigned reviewed the pleading and directed Banks to clarify whether his pleading should be construed as a petition pursuant to 28 U.S.C. 2254 or a Rule 37 petition. When Banks failed to respond, United States District Judge Susan Webber Wright adopted the undersigned's report and recommendation and dismissed 4:21-cv-00191 without prejudice in May of 2021.

---

[1]   Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a guilty plea, although there are exceptions to the rule. See Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014).

Banks returned to state court in March of 2023 by signing a Rule 37 petition and placing it in the prison mail system. See Docket Entry 13, Exhibit E at CM/ECF 6-13. In the petition, he again challenged his guilty plea and sentence in 60CR-18-3599. The petition was filed in Pulaski County Circuit Court in April of 2023 but was dismissed in July of that year because the petition "was not filed within [ninety] days of the entry of the sentencing order." See Docket Entry 13, Exhibit E at CM/ECF 15. Banks did not appeal the denial of his Rule 37 petition.

In August of 2025, Banks signed a petition for state habeas corpus relief and placed it in the prison mail system. See Docket Entry 13, Exhibit F. In the petition, he challenged his guilty plea and sentence in 60CR-18-3599. The petition was filed in Lee County Circuit Court in August of 2025. See Banks v. Payne, No. 39CV-25-105. No action has yet been taken on the petition. See https://caseinfo.arcourts.gov/opad/case/39CV-25-105.

In August of 2025, Banks began the case at bar. In his 174-page initial petition for writ of habeas corpus, he challenged his guilty plea and sentence in 60CR-18-3599. Banks amended the petition, and respondent Dexter Payne ("Payne") subsequently summarized Banks' claims in the amended petition as follows:

6

Claim 1: Banks claims that he was rendered ineffective assistance because trial counsel failed to advise that his negotiated plea involved him pleading guilty to attempted first-degree murder, the range of punishment for his offenses or the negotiated 30-year sentence, and omitted to present mitigation evidence at his sentencing. *See* Doc. No. 5 (Amend. Pet.) at 7, 9-19, 31.

Claim 2: Banks claims his negotiated plea violated Due Process because he was never charged or advised of the range of punishment for his amended charge of attempted first-degree murder. *See id.* at 69, 70-71; *see also generally id.* at 94-105. Within this claim, Banks also asserts his sentencing order is "void and facially invalid" under Arkansas law. *See id.* at 70-71, 73-77.

Claim 3: Banks claims his plea violated Due Process because he was not provided fair notice that he would plead guilty to the amended charge of attempted first-degree murder and it was not one of his initial charges. *See* Doc. No. 5 (Amend. Pet.) at 106-117.

Claim 4: Banks also claims that the trial court lacked jurisdiction and his charges should have been dismissed and transferred to juvenile court because he was a minor at the time of his offenses, *see id.* at 133-148, which he appears to suggest violated state law. *See generally id.* at 138, 148, 154, 156-157, 167.

Claim 5: Lastly, Banks claims that the State "committed error" because inadmissible character of an earlier robbery was in the case file related to his July 16, 2018 crimes. *See id.* at 171-174.

See Docket Entry 13 at CM/ECF 11-12.[2]

---

[2] Banks' amended petition contains duplicative claims. Portions of his petition are also illegible and appear to be copies of other handwritten documents. Like Payne, the undersigned has considered all the documents as a part of Banks' amended petition.

Payne thereafter filed a response to the petition. In the response, Payne maintained that Banks' petition should be dismissed because it is time-barred, Banks' claims are procedurally barred from federal court review, and the claims are otherwise not cognizable.

Before giving serious consideration to Payne's assertions, the undersigned accorded Banks an opportunity to file a reply. Banks was asked to explain why his petition should not be dismissed for the reasons advanced by Payne.

Banks then filed a reply to Payne's response. In the reply, Banks noted an apparent discrepancy between the offenses he pleaded guilty to, and was sentenced for, and the sentencing order eventually entered by the state trial court. He noted that he pleaded guilty to, and was sentenced to concurrent thirty year terms of imprisonment for, one count of attempted murder in the first degree and one count of aggravated robbery. See Docket Entry 13, Exhibit A at CM/ECF 100; Docket Entry 13, Exhibit B at CM/ECF 6-10, 16-18. The sentencing order, though, reflects that he was sentenced to 360 months, or thirty years, for one count of murder in the first degree. See Docket Entry 13, Exhibit A at 104. It is his contention that this apparent discrepancy excuses any time or procedural bar and entitles him to relief on the five claims raised in the petition at bar.

8

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, excluding any applicable periods of tolling, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year limitations period begins from the latest of one of four dates or events.

Payne maintains that the limitations period in this case is found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year limitations period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Applying 28 U.S.C. 2244(d)(1)(A) to the facts of this case, he maintains that the one-year limitations period began in May of 2020, or thirty days after a sentencing order was entered on the state trial court docket. See Camacho v. Hobbs, 774 F.3d 931 (8th Cir. 2015) (although a petitioner who pleads guilty in the State of Arkansas is generally barred from appealing, the judgment in such a case becomes final by the expiration of the time for filing a notice of appeal, i.e., thirty days).

Liberally construing Banks' submissions, he appears to maintain that the limitations period in this case is found at 28 U.S.C. 2244(d)(1)(D), or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." He

appears to maintain that the limitations period began with his discovery of new evidence. He represents that the new evidence consists of only now learning of his inability to appeal and having never been advised of his rights under Arkansas law. See Docket Entry 5 at CM/ECF 7.

Payne's position has merit and is adopted.[3] The limitations period here is found at 28 U.S.C. 2244(d)(1)(A). A sentencing order was entered in April of 2020, and Banks' conviction became final the following month, or in May of 2020. He therefore had up to May of 2021 to file a timely petition pursuant to 28 U.S.C. 2254. He did not file the petition at bar, though, until August of 2025. As a result, his petition is untimely. The only question is whether there is a reason for tolling the one-year limitations period or otherwise excusing the untimely filing of his petition.

28 U.S.C. 2244(d)(2) provides that the time during which a "properly filed" application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitations. 28 U.S.C. 2244(d)(2), though, has no application here.

---

[3]    Banks' position is without merit. He knew, or should have known, of the claims at bar by no later than the date of his sentencing or, at the latest, the date on which the sentencing order was entered. In addition, he knew, or should have known, of the allegedly newly discovered evidence by no later than the date of his sentencing. He acknowledged as a part of his negotiated plea that he was waiving his right to appeal, see Docket Entry 13, Exhibit A at CM/ECF 100, and it is not clear what rights he was not apprised of.

Banks had ninety days from April of 2020, or up to July of 2020, to properly file a Rule 37 petition.[4] Although he filed several post-judgment pleadings in state and federal court, the pleadings were not properly filed applications for state post-conviction or other collateral review. The undersigned so finds for the following reasons.

First, Banks submitted a letter to the state trial court in February of 2021, or ten months after the entry of the sentencing order, in which he challenged his guilty plea and sentence in 60CR-18-3599. The letter did not, however, comply with the requirements of Rule 37.1(b) and (c) and was submitted outside the ninety-day period for filing a Rule 37 petition.[5] For those reasons, the letter was not a properly filed application for state post-conviction or other collateral review.

---

[4]     Rule 37.2(c)(i) provides, in part, that a petitioner who pleads guilty has ninety days from the date judgment is entered to file a timely Rule 37 petition.

[5]     Rule 37.1(b) provides, in part, the following:

> The petition shall state in concise, nonrepetitive, factually specific language, the grounds upon which it is based. The petition, whether handwritten or typed, shall be clearly legible, and shall not exceed ten pages of thirty lines per page and fifteen words per line, with left and right margins of at least one and one-half inches and upper and lower margins of at least two inches. ...

Rule 37.1(c) provides, in part, that the petition shall be accompanied by the petitioner's affidavit, sworn to before a notary or other officer authorized by law to administer oaths, in substantially the form provided for in the Rule. Banks' letter did not comply with either Rule 37.1(b) or (c).

Second, in March of 2021, or eleven months after the entry of the sentencing order, Banks began <u>Banks v. State of Arkansas</u>, No. 4:21-cv-00191-SWW-PSH (E.D. Ark.), by filing a pleading in federal court in which he challenged his guilty plea and sentence in 60CR-18-3599. It was not clear then, nor is it clear now, what the pleading was, <u>i.e</u>., whether it was a petition pursuant to 28 U.S.C. 2254 or a Rule 37 petition. Regardless, the pleading was filed more than ninety days after the entry of the sentencing order. It was therefore not a properly filed application for state post-conviction or other collateral review.

Third, in March of 2023, Banks signed a Rule 37 petition in which he challenged his guilty plea and sentence in 60CR-18-3599. The petition was not properly filed, though, as it was filed more than ninety days after the entry of the sentencing order, a fact the state trial court relied upon in dismissing the petition.

Last, in August of 2025, Banks signed a petition seeking state habeas corpus relief and caused it to be filed in Lee County Circuit Court. In the petition, he again challenged his guilty plea and sentence in 60CR-18-3599. Although the petition remains pending, it cannot serve to toll the limitations period here because the petition was filed more than ninety days after the sentencing order was entered.

Although 28 U.S.C. 2244(d)(2) affords Banks no benefit, the one-year limitations period for filing a timely petition pursuant to 28 U.S.C. 2254 can be equitably tolled. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016). In that case, the Court of Appeals explained that equitable tolling "asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." See Id. at 1195 (internal quotation omitted) (emphasis in original). Equitable tolling is warranted if the petitioner has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented a timely filing. See Id.

Equitable tolling in this instance is not warranted. First, it cannot be said that Banks has been pursuing his rights diligently. He waited ten months after the entry of the sentencing order to begin challenging in state court his guilty plea and sentence in 60CR-18-3599 and waited even longer to begin challenging in federal court the same guilty plea and sentence. Moreover, Banks has failed to show that an extraordinary circumstance stood in his way and prevented him from filing a timely petition. Although he was only sixteen years old when he entered his guilty plea, see Docket Entry 13, Exhibit B at CM/ECF 5-6, that fact alone is not an extraordinary circumstance that prevented him from filing a timely petition.

13

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, No. 4:17-cv-00853-KGB, 2018 WL 3193807, 1 (E.D. Ark. 2018) (quoting McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)). "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Story v. Kelley, 2018 WL 3193807, 1 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). The actual innocence gateway affords Banks no benefit. He admitted to committing the criminal acts alleged by the prosecution, and he has offered no new evidence suggesting that he is innocent.

Given the foregoing, Banks' petition is untimely as it was filed after the conclusion of the one-year limitations period. There is no reason for tolling the limitations period or otherwise excusing the untimely filing of his petition. It is therefore time barred. It is recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Payne. A certificate of appealability should also be denied.

14

In making this recommendation, the undersigned recognizes that there indeed appears to be a discrepancy between the offenses Banks pleaded guilty to, and was sentenced for, and the sentencing order entered by the state trial court. He pleaded guilty to, and was sentenced to concurrent thirty year terms of imprisonment for, one count of attempted murder in the first degree and one count of aggravated robbery; the sentencing order reflects that he was sentenced to 360 months, or thirty years, for one count of murder in the first degree. There may be a simple explanation for the discrepancy, but the undersigned does not know what the explanation might be. This apparent discrepancy does not change the length of his sentence, though, and is not a justification for excusing the untimely filing of the petition at bar. The apparent discrepancy might instead be a justification for a state trial court to explore whether to amend the sentencing order.

DATED this 9th day of February, 2026.

_____
UNITED STATES MAGISTRATE JUDGE